# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA
## _PANAMA CITY_ DIVISION

## § 2241 HABEAS CORPUS PETITION FORM
## TO BE USED BY PRISONERS IN ACTIONS UNDER 28 U.S.C. § 2241
## OR IN ACTIONS CHALLENGING REMOVAL PROCEEDINGS

James Brian Wright_____,

Inmate/Alien # _05449-010_____.

_____

(Enter full name of Petitioner,
prison number or alien [A] number, if applicable,
AND address of place of confinement.)

vs.

CASE NO: 5:15CV 287-LC/EMT
(To be assigned by Clerk)

Warden N.C. English_____,
FBOP General Counsel_____,
Federal Bureau of Prisons____,
United States Attorney General,
Christopher Wilson, Ed.Ok. AUSA.

(Enter name and title of each Respondent.
If additional space is required, use the blank
area below and directly to the right.)

## ALL APPLICANTS MUST COMPLETE THIS ENTIRE FORM

# ANSWER ALL OF THE FOLLOWING:

1. This petition concerns (check where applicable):

   (a).  □  a conviction
   (b).  ■  a sentence
   (c).  □  prison disciplinary action or other action resulting in lost gain time credits
   (d).  □  parole
   (e).  □  immigration/removal
   (f).  ■  other (explain): _Bureau of Prisons Sentence Calculation_

2. Provide the following information regarding the conviction(s) and sentence(s) for which you are presently incarcerated:

   (a). Name(s) and location(s) of court: _Eastern Dist. Okla. U.S. Court_
   (b). Case Number(s): _Criminal Case No: 07CR37JHP_
   (c). Charge(s) for which you were convicted: _Felon In Possession of Firearm 18USC8922(g)(1)_
   (d). What was your plea? (Check one)
      (1) Not Guilty       □
      (2) Guilty           ■
      (3) Nolo contendere  □

   (e). Did you appeal from the judgment of conviction?    Yes ■       No □

3. If you did appeal, answer the following:

   (a) Name of Court: _E. Okla. USDC_ _____    Case #: _07cr37JHP_
                                                              _08 cv 292 JHP_
   (b) Result: _Vacated and Resentence Ordered_ _____

   (c) Date of opinion and mandate (citation, if known): _December 04, 2008 @ Docket #31/32_

4. Claims that challenge your conviction or imposition of sentence can only be raised by motion under 28 U.S.C. § 2255 unless the § 2255 motion is inadequate or ineffective to test the legality of your detention. If any of the grounds raised above challenge your conviction or sentencing:

   (a) Have you filed a motion under 28 U.S.C. § 2255?
         Yes ■       No □

   If yes, please provide the case #, where filed, relevant date(s), and the results: _15cv260JHP_

   _7/24/2015 Terminated as Second and Successive_ _____

   (b). Explain why the remedy under § 2255 was or is inadequate or ineffective: _§ 2255 remedy_

   _as the Proper Vehicle for relief is a 28 USC § 2241. See Thomas v. Ledezma._

   _341 Fed. Appx 407, 408 n. 1 (10th Cir. 2009) Additionally, the District Court_

   _has no Jurisdiction to compute or award credit at sentencing._

2

5.   Are you currently represented by counsel in this case or in any other court case?

     Yes ☐   No ■

     If yes, please explain:  N-A

6.   If this case concerns removal proceedings:
     (a) Date of final order of removal:  N-A
     (b) Did you file an appeal with the Board of Immigration Appeals?   Yes ☐   No ■

7.   In the spaces below, set forth every ground which supports your claim that you are incarcerated
unlawfully.  Briefly summarize the specific facts in support of each ground raised.  Conclusions that are
not supported by specific facts are insufficient.  You may attach additional pages if necessary to raise
additional grounds or provide additional facts.  Do not cite any law in your statement of facts.

     (a).   Ground one: FBOP erred by failing to apply Pretrial Detention Credits or
                       Credit for time served on related case that was not credited.
     Supporting FACTS (state briefly without citing cases or law):  On January 4, 2006, Petitioner

     lived in Fort Smith, Arkansas, where at that time he was required to register

     as a sex offender, but failed to do so. As a result of such failure to register,

     the Petitioner was charged in State of Arkansas V. James Brian Wright,
     06cr1258 and was sentenced to Two (2) Years in Arkansas prison. (Cont. Pg. 3A)
     Exhaustion:
        [1] - Have you presented ground one to the Bureau of Prisons, either through the prison
        grievance system or other administrative proceeding?
             Yes ■   No ☐
     If yes, please provide the results of the proceeding(s) and the relevant date(s).  Include any

     appeals: BP-8 4/28/15 (No Response) / BP-9 5-6-15 (denied 5-15-15) /BP-10 5-28-15 (Denied 6/12/15) /
             BP-11 7/5/2015 [Refiled 08-17-15] (No Response as of Oct. 16. 2015) Remedy No 820821
     [2]-(Answer only if you are challenging an issue related to removal (immigration) proceedings) -
     Did you present ground one to the Board of Immigration Appeals?       Yes ☐ No ☐


     If yes, please provide the results of the proceeding(s) and the relevant date(s).


     _____

     (b).   Ground two: Bureau of Prisons erred by Failure to comply with Procedures
                       outlined in Program Statement 5880.28 et seq; 18 USC §§ 3585 and 3584.
     Supporting FACTS (state briefly without citing cases or law):  ALL FACTS STATED IN GROUND

     ONE ARE FULLY INCORPORATED INTO GROUND 2 BY REFERENCE.

                       See 7a
     _____

     _____

     Exhaustion:
        [1] - Have you presented ground one to the Bureau of Prisons, either through the prison
        grievance system or other administrative proceeding?

The Petitioner was ordered by the Sebastian County Arkansas Court to self Surrender to the Sebastian County Sheriff's office on December 22. 2006, to begin his Two (2) Year Sentence. He failed to surrender which initiated a bench warrant Process.

On February 22, 2007, Sallisaw Oklahoma Police went to the residence of the Petitioners girlfriend, A.J. Box, located at 106 N. No Name. There the S.P.D. served an outstanding Arkansas warrant on the Petitioner. Subsequent to that arrest, two (2) firearms were discovered and seized by Police, to wit: .38 caliber Pistol S/N 1106·704 and a .22 Caliber Pistol S/N 515MX18953. (See Exhibit USOOJ 1)

On March 06, 2007, Information was filed against the Petitioner in the Case of State of Oklahoma V. James Brian Wright, CF-2007-120, in which Charged the Petitioner of knowingly Concealing Stolen Property, Credit Card fraud and Felon in Possession of a Firearm. (See Exhibit A)
The Petitioner was further charged in case State of Oklahoma V. James Brian Wright, CF-2007-161, with Burglary, Knowingly concealing Stolen Property and Possession of a firearm after Conviction. (See Exhibit A)

On June 1, 2007, the Petitioner was sentenced in State of Oklahoma V. James Brian Wright, CF-2007-120 /CF-2007-161. He was sentenced to a term of Fourteen (14) years in each case, Seven (7) years in Prison and Seven (7) years on Probation to be ran Concurrent with each other, and further Ordered to be served in Arkansas Department of Corrections Concurrent with the then two (2) year Arkansas Sentence. (Exhibit B)

4

On June 15. 2007, Petitioner arrived at the Arkansas Department of Corrections to begin his sentence under: State of Arkansas v. James Brian Wright, CR-2006-1258 and; State of Oklahoma v. James Brian Wright, CF-2007-120/CF-2007-161. (See Exhibit C @ 6-15-2007). While in Arkansas Department of Corrections serving the two above sentences, the Petitioner was taken to Sebastian County Arkansas to answer to charges in State of Arkansas v. James Brian Wright, CR-2007-417/746. He was sentenced on August 3, 2007 to Sixty (66) months to run concurrent with CR-1258-2006 and the Oklahoma Sentence. (See Exhibit C @ CR-2007-417/746). The Oklahoma sentence would then be the controlling sentence.

On June 14. 2007, Petitioner was charged by information / indictment to Two (2) counts of violating 18 USC § 922(g(1)) by being a felon in possession of a firearm. He was charged in United States of America v. James Brian Wright, 07CR037-JHP USDC Ed. Okla. (6/14/2007 Docket No. 2) On September 14. 2007 he was borrowed from ADC via writ. (Exhibit C) and returned on March 04. 2008.

On October 16. 2007, the Petitioner entered a plea of guilty to knowingly Possessing the .38 and .22 firearms seized in Oklahoma. (Ex. C. i) On February 15. 2008 he was sentenced to 190 Months in Federal Prison. On August 1. 2008 counsel filed a 28 U.S.C. § 2255 which resulted in resentencing to 115 months on Jan. 26. 2009.

At resentencing on January 26. 2009, the Petitioner informed his Federal Counsel that the Two (2) State of Oklahoma CF-2007-120/CF-2007-161 were directly related to the federal case as the guns were the same.

5

8

Robert Ridenour (counsel) told the Petitioner to ask, but could not promise the results. The following exchange took place:

DEFENDANT: "But I just wanted to apologize to the Courts and the People I hurt, but basically I wanted to let you know what I've achieved since I've been incarcerated. And I ask at this time that the time that I've been incarcerated count on the sentence that I'm about to ... that's about to be imposed today.

COURT : Unless my Probation officer corrects me, I think thats the --- You do get credit for time served.

(1.26.2009 Sent. Tr. @5)(emphasis supplied) (Ex. G)

Given the exchange with the Court on 1.26.2009, the Petitioner believed that he had gotten the credit for service of the State of Oklahoma cases that were Relevant Conduct. It was discovered on April 15, 2015 that credit was Not given. (Exhibit D)

After learning that credit was not given for the directly related Cases, Petitioner filed his BP-8 Administrative Remedy to Records Office Mr. McCord. No official response was received. On May 06, 2015 the Petitioner filed his BP-9 to the Warden (Admin. Rem. No. 820821-F1) Which was denied on 5-15-2015. (Exhibit E). On 5-15-2015 Petitioner filed his BP-10 (820821-R1) raising 3585 and USSG SG.1.3 issue but was denied on 6-12-15. He filed an Appeal under BP-11 (820821-A1) to General Counsel. As of Oct.16.2015 no response was recieved. (Ex. E)

6

9

During the Course of Administrative Remedy No. 820821, Petitioner learned that no credit had been awarded by either the State of Oklahoma nor the State of Arkansas concerning State of Oklahoma v. James Brian Wright, CF-2007-120/CF-2007-161. (See Exhibit C and Exhibit F). In reviewing 18 U.S.C. § 3585(b), 18 U.S.C. § 3584 and PBOP PS. 5880.28, the Petitioner is entitled to all the time not already credited by the State authorities on his Federal sentence as they are related. (See all Exhibits)

Petitioner Filed a Motion to Clarify with the USDC Ed. Okla. to determine if USSG 5G1.3 applied, however the Court dismissed for failure to Exhaust remedy and Improperly Filed in district. (Exhibit G).

10

Page 4

Yes ■   No □
If yes, please provide the results of the proceeding(s) and the relevant date(s).  Include any

appeals: _7(b) INCORPORATED FULLY HEREIN BY REFERENCE._

[2]-(Answer only if you are challenging an issue related to removal (immigration) proceedings) -
Did you present ground one to the Board of Immigration Appeals?        Yes  □ No  □

If yes, please provide the results of the proceeding(s) and the relevant date(s).

(c).        Ground three:  _FBOP ERRED BY FAILING To APPLY CREDITS UNDER 18 USC
              § 3584 AS IMPLIED IN SENTENCING IN E.D. USDC JAN. 26. 2009 (EX. G PG 4)_
Supporting FACTS (state *briefly* without citing cases or law):

_SUPPORTING FACTS FROM GROUND ONE (1) ARE INCORPORATED HEREIN BY_

_REFERENCE._                                      _See 7A_

Exhaustion:
    [1] - Have you presented ground one to the Bureau of Prisons, either through the prison
    grievance system or other administrative proceeding?
        Yes  ■   No □
    If yes, please provide the results of the proceeding(s) and the relevant date(s).  Include any

appeals: _SECTION 7(b) IS FULLY INCORPORATED HEREIN BY REFERENCE_

    [2]-(Answer only if you are challenging an issue related to removal (immigration) proceedings) -
    Did you present ground one to the Board of Immigration Appeals?        Yes  □ No  □

    If yes, please provide the results of the proceeding(s) and the relevant date(s).

(d).        Ground four:  _FBOP, USA Through AUSA FAILED To APPLY USSG 5G1.3_
              _WHICH PROPERLY APPLIED WOULD HAVE REDUCED AMOUNT OF MONTHS SENTENCED._
Supporting FACTS (state *briefly* without citing cases or law): _____

_SUPPORTING FACTS FOR GROUND ONE (1) ARE INCORPORATED BY REFERENCE_

                                                _See 7A_

Exhaustion:
    [1] - Have you presented ground one to the Bureau of Prisons, either through the prison
    grievance system or other administrative proceeding?
        Yes  ■   No □

2

If yes, please provide the results of the proceeding(s) and the relevant date(s). Include any

appeals: _§ 7(b) INCORPORATED FULLY HEREIN_____

[2]-(Answer only if you are challenging an issue related to removal (immigration) proceedings) - Did you present ground one to the Board of Immigration Appeals?      Yes ☐ No ☐

If yes, please provide the results of the proceeding(s) and the relevant date(s).

_____

(e).     Ground five: _FBOP ERRED IN STATING PETITIONER HAD ALREADY_
                   _RECEIVED PRIOR CREDITS FOR STATE TIME SERVED._
Supporting FACTS (state *briefly* without citing cases or law): _____

_SUPPORTING FACTS IN GROUND ONE (1) ARE FULLY INCORPORATED_

_HEREIN._____

_____SEE 7a_____

Exhaustion:
[1] - Have you presented ground one to the Bureau of Prisons, either through the prison grievance system or other administrative proceeding?  N/A
     Yes ☐   No ☐
If yes, please provide the results of the proceeding(s) and the relevant date(s). Include any

appeals:   N/A_____

[2]-(Answer only if you are challenging an issue related to removal (immigration) proceedings) - Did you present ground one to the Board of Immigration Appeals?      Yes ☐ No ☐

If yes, please provide the results of the proceeding(s) and the relevant date(s).

_____N/A_____

(f).     Ground six: __N/A_____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____
_____N/A_____
_____

Exhaustion:
[1] - Have you presented ground one to the Bureau of Prisons, either through the prison grievance system or other administrative proceeding?
     Yes ☐   No ☐   N/A

9

Page 6

If yes, please provide the results of the proceeding(s) and the relevant date(s).  Include any

appeals: _____ ✓/к _____

[2]-(Answer only if you are challenging an issue related to removal (immigration) proceedings) -
Did you present ground one to the Board of Immigration Appeals?        Yes   □ No   □

If yes, please provide the results of the proceeding(s) and the relevant date(s).

_____ ✓/к _____

8.    WHEREFORE, based upon the grounds raised above, Petitioner prays that the court will grant the

following relief: Credit for Relevant Conduct time served from 62/22/2007
to 6/26/2008 or from 6/14/2007 to 6/26/2008. Any other equitable relief.
and credits this Court deems **DECLARATION** appropriate.

I declare under penalty of perjury that I have read the above and the information contained herein is true
and correct.

_11-3-2015_                                    _James Brian Wright_
    (Date)                                        Signature of Petitioner

**IF MAILED BY PRISONER:**

I declare or state under penalty of perjury that this petition was (check one):

● delivered to prison officials for mailing,   or   □ deposited in the prison's internal mail system on:

_11-3-2015_ _____(date).

_James Brian Wright_
Signature of Petitioner

Revised 01/13  admin/forms/jjl

*DEFENSE EXHIBIT NO:* USDOJ-1



**U.S. Department of Justice**

*Sheldon J. (Shelly) Sperling*
Sheldon.Sperling@usdoj.gov
*United States Attorney*
**Eastern District of Oklahoma**
(918)684-5100



**NEWS RELEASE**

For Release:   October 16, 2007
For Further Information Contact:   Sheldon J. Sperling, United States Attorney or
Christopher J. Wilson, Assistant United States Attorney

> **MUSKOGEE, OKLAHOMA** - Sheldon J. Sperling, United States Attorney for the Eastern District of Oklahoma, announced today that JAMES BRIAN WRIGHT, age 30, of Sallisaw, Oklahoma, pled guilty to two counts of Felon in Possession of Firearm, in violation of Title 18, United States Code, Section 922(g).

> "Charges arose from an investigation by the Bureau of Alcohol, Tobacco, Firearms & Explosives and the Sallisaw Police Department.   In February 2007, law enforcement officials went to WRIGHT's residence in Sallisaw to execute an outstanding arrest warrant from the State of Arkansas.  Agents searched the residence and found a .22 caliber pistol under the mattress in the master bedroom.  While agents were at the house, WRIGHT drove up in a pickup and agents found a .38 caliber pistol under the seat of the pickup.  WRIGHT admitted possessing both weapons," stated U.S. Attorney Sheldon J. Sperling.

> "The Honorable Kimberly E. West, Magistrate Judge in the United States District Court for the Eastern District of Oklahoma, in Muskogee, accepted the defendant's guilty plea and ordered the completion of a presentence report.  Sentencing will be scheduled following its completion.  The defendant is in the custody of the United States Marshal Service."

> "The statutory range of punishment is up to ten years imprisonment and/or up to $250,000.00 in fines for each count of Felon in Possession of Firearm.  However, due to WRIGHT's criminal history, he may be considered an "armed career criminal," which increases the punishment to imprisonment of not less than 15 nonparolable years," stated U.S. Attorney Sperling.  "A determination of the appropriate punishment will be made at the formal sentencing hearing."

> "Assistant United States Attorney Christopher J. Wilson represented the government."

# # #



*11*

DEFENSE EXHIBIT NO: A

INFORMATION

IN THE DISTRICT COURT OF SEQUOYAH COUNTY
STATE OF OKLAHOMA

FILED
IN DISTRICT COURT
SEQUOYAH COUNTY OKLAHOMA

MAR 06 2007

MAUDEEN VANN, COURT CLERK
BY _____ DEPUTY

STATE OF OKLAHOMA
        Plaintiff,

vs.

No. CF-2007- 120

JAMES B. WRIGHT
DOB:03-25-1977 SS#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
        Defendant.

INFORMATION

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF OKLAHOMA:

Now comes JERRY MOORE, the duly qualified and acting District Attorney, in and for Sequoyah County, State of Oklahoma and gives the District Court to know and to be informed that James B. Wright did, in Sequoyah County, and in the State of Oklahoma, on or about the dates listed , in the year of our Lord, Two Thousand Seven, and before the presentment hereof, commit the crime of

COUNT I     KNOWINGLY CONCEALING STOLEN PROPERTY-21 O.S. 1713

That on the 6th day of February and in the County and State, aforesaid, James B. Wright, did unlawfully, wilfully, knowingly, and feloniously conceal from Cynthia Marsh, certain personal property of value, to-wit: Credit Card, that had prior thereto on or before the 6th day of February, 2007, been stolen from the said Cynthia Marsh, the said defendant knowing or reasonably should have believed that said property was stolen did then and there unlawfully conceal and withhold said property from the owner thereof, with the felonious intent to deprive said owner thereof,

COUNT II     KNOWINGLY CONCEALING STOLEN PROPERTY-21 O.S. 1713

That on 22nd day of February, 2007, and in the County and State, aforesaid, James B. Wright, did unlawfully, wilfully, knowingly, and feloniously conceal from Joey Ray Cameron, certain personal property of value, to-wit:a Browning Buck Mark .22 cal. Pistol Ser. 515MXJ8551, that had prior thereto on the 8th day of February, 2007, been stolen from the said Joey Ray Cameron, the said defendant knowing or reasonably should have believed that said property was stolen did then and there unlawfully conceal and withhold said property from the owner thereof, with the felonious intent to deprive said owner thereof,

COUNT III     FELON IN POSSESSION OF) FIREARM-
                        21 O.S. 1283

On the 22nd day of February, 2007 James B. Wright did unlawfully, wilfully, and feloniously have in his possession or within his immediate control a pistol, To-wit: .38 cal. , after having been heretofore convicted of a felony in Case No. CF-97-56 , for the crime of UTTERING A FORGED

/2

---

IN THE DISTRICT COURT OF THE FIFTEENTH JUDICIAL DISTRICT OF
THE STATE OF OKLAHOMA SITTING IN AND FOR SEQUOYAH COUNTY

FILED
IN DISTRICT COURT
SEQUOYAH COUNTY OKLAHOMA

MAR 20 2007

MAUDEEN VANN, COURT CLERK
BY _____ DEPUTY

THE STATE OF OKLAHOMA,
        Plaintiff,

vs.                                                     Case No. CF-2007- 121

JAMES BRIAN WRIGHT
ADDR:   801 S. "A" Street
        Fort Smith, AR  72901
SSN#:   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
DOB:    03/25/77

        Defendant(s).

INFORMATION

FOR:

COUNT 1:    BURGLARY IN THE SECOND DEGREE– 21 O.S. § 1435 a FELONY
COUNT 2:    KNOWINGLY CONCEALING STOLEN PROPERTY– 21 O.S. § 1713 a FELONY
COUNT 3:    POSSESS FIREARMS AFTER CONVICTION OR DURING PROBATION– 21 O.S. §
            1283 a FELONY

STATE OF OKLAHOMA, COUNTY OF SEQUOYAH:

I, Jerry S. Moore, the undersigned District Attorney of said County, in the name and by the authority, and on behalf of the State of Oklahoma, give information that in said County of Sequoyah and in the State of Oklahoma, JAMES BRIAN WRIGHT, did then and there unlawfully, wilfully, knowingly and wrongfully commit the crime(s) of:

COUNT 1     BURGLARY IN THE SECOND DEGREE– a FELONY, on or about the 8th day of February, 2007, by breaking and entering into a house located at North of Vian, off Moonshine Road owned by Joey Ray and Nena Cameron and in which property of value was contained, by front door, with the intent to commit the crime of Larceny,

This crime is punishable by imprisonment for 2 to 7 years.

COUNT 2     KNOWINGLY CONCEALING STOLEN PROPERTY— a FELONY, on or about the 8th day of February, 2007, by concealing 22 caliber handguns that had been stolen from Joey Ray and Nena Cameron, the owner of the property on February 8, 2007, defendant knowing or believing or having reasonable cause to know or believe that the property had been stolen and defendant intended to deprive Joey Ray and Nena Cameron of the property permanently.

This crime is punishable by imprisonment in the State Penitentiary not to exceed five (5) years, or in the county jail not to exceed one (1) year, or by a fine not to exceed Five Hundred ($500.00) or by both such fine and imprisonment.

COUNT 3     POSSESS FIREARMS AFTER CONVICTION OR DURING PROBATION– a FELONY, on or about the 8th day of February, 2007, by knowingly having in his/her possession and within his/her immediate control a Browning 22 caliber handgun located after he/she had been

*DEFENSE EXHIBIT NO:* B

SEQUOYAH COUNTY, OKLAHOMA
FILED
IN DISTRICT COURT

JUN - 1 2007

MAUREEN VANN, COURT CLERK
_____ DEPUTY

Case No. CF-2007-161

IN THE DISTRICT COURT OF SEQUOYAH COUNTY
THE STATE OF OKLAHOMA

THE STATE OF OKLAHOMA,
Plaintiff,

vs.

JAMES BRIAN WRIGHT
SSN: 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
DOB: 3/25/77

Defendant,

## JUDGMENT AND SENTENCE

NOW ON, this 1ST day of June, 2007, this matter comes on before the undersigned Judge of the District Court for sentencing and the Defendant, JAMES BRIAN WRIGHT, appears personally and by his attorney of record, T. Scott Hickman, the State of Oklahoma represented by it's Assistant District Attorney, and the Defendant, having previously: (xx) Entered a PLEA OF NOLO CONTENDERE

to the crime(s) of:                                    Statutory Reference
Count I: Burglary Second Degree                        21 O.S. 1435
Count II: Knowingly Concealing Stolen Property         21 O.S. 1713

Dismiss count III.

(xx) The defendant has previously been convicted of two (2) felony crimes and the sentence has been enhanced in the accordance with the provisions set forth in 21 O.S. § 51; AND,

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the Defendant, JAMES BRIAN WRIGHT, is guilty of the above described offenses and is sentenced as follows:

## TERM OF IMPRISONMENT FOR INCARCERATION AND SUSPENSION

Count I: Burglary Second Degree  21 O.S. 1435 SENTENCE TO A TERM OF: Fourteen (14) years, Seven (7) years to be served in Arkansas DOC and Seven (7) years suspended sentence;

Count II: Knowingly Concealing Stolen Property  21 O.S. 1713 SENTENCE TO A TERM OF: Fourteen (14) years, Seven (7) years to be served in Arkansas DOC and Seven (7) years suspended sentence;  ,

Dismiss count III.

All to be under the custody and control of:   Arkansas Department of Corrections; Both are to be served in the State of Arkansas; These terms to be served as follows: (xx ) concurrently C/C  with each other and with CF-07-120 and with his Arkansas offenses:

IT IS FURTHER ORDERED, ADJUDGED AND DECREED BY THE COURT that in addition to the preceding terms, the Defendant is also sentenced to pay the Fines, Costs, VCA, Restitution, Attorney's Fee's and other fees at per the Rules and Conditions of Probation.

IT IS FURTHER ORDERED that judgment is hereby entered against the Defendant as to the fines, costs, and assessments set forth above and in the Rules and Conditions of Probation.

The Court further advised the Defendant of his rights and procedure to appeal to the Court of Criminal Appeals of the State of Oklahoma, and of the necessary steps to be taken by him to perfect such appeal, and that if he desired to appeal and was unable to afford counsel and a transcript of the proceedings, that the same would be furnished by the State subject to reimbursement of the cost or representation in accordance with Sec. 1335.14 of Title 22.

WITNESS my hand the day and year first above mentioned.

_____
JUDGE OF THE DISTRICT COURT

'OYAH COUNTY, OKLAHOMA
FILED
IN DISTRICT COURT

JUN - 1 2007

MAUREEN VANN, COURT CLERK
_____ DEPUTY

Case No. CF-2007-120

IN THE DISTRICT COURT OF SEQUOYAH COUNTY
THE STATE OF OKLAHOMA

THE STATE OF OKLAHOMA,
Plaintiff,

vs.

JAMES BRIAN WRIGHT
SSN: 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
DOB: 3/25/77

Defendant,

## JUDGMENT AND SENTENCE

NOW ON, this 1ST day of June, 2007, this matter comes on before the undersigned Judge of the District Court for sentencing and the Defendant, JAMES BRIAN WRIGHT, appears personally and by his attorney of record, T. Scott Hickman, the State of Oklahoma represented by it's Assistant District Attorney, and the Defendant, having previously: (xx) Entered a PLEA OF NOLO CONTENDERE

to the crime(s) of:                                    Statutory Reference
Count I and II: Knowingly Concealing Stolen Property   21 O.S. 1713
Count V: Credit Card Fraud                             21 O.S. 1550.2

Dismiss counts III & IV.

(xx) The defendant has previously been convicted of two (2) felony crimes and the sentence has been enhanced in the accordance with the provisions set forth in 21 O.S. § 51; AND,

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the Defendant, JAMES BRIAN WRIGHT, is guilty of the above described offenses and is sentenced as follows:

## TERM OF IMPRISONMENT FOR INCARCERATION AND SUSPENSION

Count I: Knowingly Concealing Stolen Property  21 O.S. 1713  SENTENCE TO A TERM OF: Fourteen (14) years, Seven (7) years to be served in Arkansas DOC and Seven (7) years suspended sentence;

Count II: Knowingly Concealing Stolen Property  21 O.S. 1713 SENTENCE TO A TERM OF: Fourteen (14) years, Seven (7) years to be served in Arkansas DOC and Seven (7) years suspended sentence;

Dismiss counts III & IV.

All to be under the custody and control of:   Arkansas Department of Corrections; Both are to be served in the State of Arkansas; These terms to be served as follows: (xx ) concurrently C/C  with each other and with CF-07-161 and with his Arkansas offenses:

IT IS FURTHER ORDERED, ADJUDGED AND DECREED BY THE COURT that in addition to the preceding terms, the Defendant is also sentenced to pay the Fines, Costs, VCA, Restitution, Attorney's Fee's and other fees at per the Rules and Conditions of Probation.

IT IS FURTHER ORDERED that judgment is hereby entered against the Defendant as to the fines, costs, and assessments set forth above and in the Rules and Conditions of Probation.

The Court further advised the Defendant of his rights and procedure to appeal to the Court of Criminal Appeals of the State of Oklahoma, and of the necessary steps to be taken by him to perfect such appeal, and that if he desired to appeal and was unable to afford counsel and a transcript of the proceedings, that the same would be furnished by the State subject to reimbursement of the cost or representation in accordance with Sec. 1335.14 of Title 22.

WITNESS my hand the day and year first above mentioned.

_____
JUDGE OF THE DISTRICT COURT

13

DEFENSE EXHIBIT NO: c

Name: Wright, James Brian

ADC 600340                                                                2 of 13

Medical Grade: M2-Avg.-Good Physical Condition     Food Handling:
WRAT:                                               BETA: 000

**Type — Comments**

Restricted Facility: Inmate may not be transferred to Delta, NCU or any work release at this time.
Date: 02/6/2008 --- Time: 12:29:51 PM

**Current Incarceration Period**

Admission Date: 12/22/2006          Inmate Type: New Commitment

**Sentencing Summary**

12/27/06: Entered a 24 month sentence on docket numbers 2006-1257 and 2006-1258 from Sebastian County, received 12/06/06. Under Act 534, level 3 must serve 1/3 (less good time earned) before being transfer eligible (41 days jail). iw.

6/22/07: Entered 176 days dead time from Sebastian County from 12/6/07 to 5/31/07 (out on bond and failed to surrender). iw

08/29/07: ENTERED A 60 MONTH SENTENCE ON AMENDED DK'S 2007-417 AND 2007-746 FROM SEBASTIAN COUNTY RECEIVED 08/03/07 TO RUN CC WITH THE UNDISCHARGED PORTION OF THE SENTENCE CURRENTLY SERVING ON DK'S 2006-1257 AND 2006-1258 FROM SEBASTIAN COUNTY. UNDER ACT 534, LEVEL 3, MUST SERVE 1/3 (LESS GOOD TIME EARNED) BEFORE BEING TRANSFER ELIGIBLE. (64 DAYS JAIL TIME CREDIT) MS

04/05/11: ENTERED A 60 MONTH SENTENCE ON DK 2010-882 FROM SEBASTIAN COUNTY RECEIVED 03/23/11 TO RUN CC WITH THE UNDISCHARGED PORTION OF THE SENTENCE CURRENTLY SERVING. UNDER ACT 534, LEVEL 3, MUST SERVE 1/3 (LESS GOOD TIME EARNED) BEFORE BEING TRANSFER ELIGIBLE. (28 DAYS JAIL TIME CREDIT) THIS TIME IS CONSECUTIVE TO FEDERAL SENTENCE. MS

***THIS TIME WAS ENTERED OFF THE FAXED COMMITMENT. CERT. HAS BEEN REQUESTED. MS

04/18/11: RELEASE DATES CHANGED DUE TO ENTERING 2070 DAYS DEAD TIME FROM 03/23/11 TO 11/21/16, DUE TO TIME RUNNING CONSECUTIVE TO FEDERAL SENTENCE. MS

05/03/11: CERTIFIED RECEIVED ON DK 2010-882 FROM SEBASTIAN COUNTY. MS

**Commitments**

| Cmt | County | Arrest Tracking# | Begin Date | Offense | Act(s) | How Served | Work Date | Sentence Length | Status | T/C | Status Date |
|---|---|---|---|---|---|---|---|---|---|---|---|
| AH | Sebastian | | 03/23/2011 | | | | 12/22/2006 | | Imposed | | |

| Count | Docket# | Arrest Tracking# | Begin Date | Offense | Act(s) | How Served | Work Date | Sentence Length | Status | T/C | Status Date |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 001 | 2010-882 | 3815979 | | Forgery (2) | 531, 534 | Concurrent | 0y 60m 0d | | | 1/3 Sent Srvd B4 Parole | Imposed |

| Cmt | County | Arrest Tracking# | Begin Date | Offense | Act(s) | How Served | Work Date | Sentence Length | Status | T/C | Status Date |
|---|---|---|---|---|---|---|---|---|---|---|---|
| AG | Sebastian | | 08/03/2007 | | | | 12/22/2006 | | Amended/Modified | | |

| Count | Docket# | Arrest Tracking# | Begin Date | Offense | Act(s) | How Served | Work Date | Sentence Length | Status | T/C | Status |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 002 | 2007-746 | 3790023 | | Theft Of Property | 531, 534 | Concurrent | 0y 60m 0d | | | 1/3 Sent Srvd B4 Parole | Amended |

Official Version of Crime:

---

| Cmt | Docket# | Arrest Tracking# | County | Offense | Begin Date | Act(s) | How Served | Work Date | Sentence Length | Status | Agency Name | T/C | Status Date |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| AA | | | Sebastian | | | | | | | Imposed | | | |
| 002 | 1996-45 | 282515 | | Theft Of Property Probation Revocation | 03/01/1996 | 534, 531 | Concurrent | 0y 24m 0d | | | | Judicial Transfer | 1/3 Sent Srvd B4 Parole |
| 001 | 1996-46 | 282515 | | Theft Of Property Probation Revocation | | 534, 531 | Initial | 0y 24m 0d | | | | Judicial Transfer | 1/3 Sent Srvd B4 Parole |

| Count | Docket# | Arrest Tracking# | County | Offense | Begin Date | Act(s) | How Served | Work Date | Sentence Length | Status | Agency Name | T/C |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 004 | 1995-642 | | | Fraud Etc Drug Paraphern. | 03/01/1996 | 534, 531 | Concurrent | 1y 0m 0d | | | | Judicial Transfer |
| 003 | 1996-41 | | | Fraud Etc Drug Paraphern. | | 534, 531 | Concurrent | 1y 0m 0d | | | | Judicial Transfer |
| 002 | 1996-46 | | | Theft Of Property | | 534, 531 | Concurrent | 1y 0m 0d | | | | Judicial Transfer |
| 001 | 1996-45 | | | Theft Of Property | | 534, 531 | Initial | 1y 0m 0d | | | | Judicial Transfer |

**Outstanding Detainers/Notifications**

| Date Placed | Type | Authority | Agency Name | Other Location |
|---|---|---|---|---|
| | | No Rows Found | | |

**External Movements**

| Date | Time | Reporting Location | Movement Type | Reason | Other Location |
|---|---|---|---|---|---|
| 03/23/2011 | | AR CC Sentences TOS | | | |
| 03/23/2011 | 02:50 PM | AR CC Sentences TOS | Returned from ADC Release | County/City Jail Backup | Sebastian County Sheriff's Office |
| 04/26/2008 | 09:26 AM | Grimes Unit | ADC Release w/ Supervision | Detainer | |
| 03/04/2008 | 12:54 PM | Grimes Unit | Returned from Court | Court Appearance | U. S. Marshall Service |
| | | | Out To Court | Court Appearance | |
| 08/07/2007 | 12:08 PM | Grimes Unit | Returned from Court | Court Appearance | Sebastian Co. Sheriff |
| | | Grimes Unit | Out To Court | Court Appearance | |
| 07/29/2007 | 12:23 PM | Grimes Unit | Returned from Court | Court Appearance | Pulaski County Sheriffs Office |
| | | Grimes Unit | Out To Court | Court Appearance | |
| 07/05/2007 | 12:11 PM | Grimes Unit | Returned from Court | Court Appearance | Other State Court |
| | | Grimes Unit | Out To Court | Court Appearance | Other State Court |
| 06/22/2007 | 06:02 PM | Grimes Unit | Received from Another Facility | Initial Classification | Diagnostic New Comm. |
| 06/22/2007 | 03:14 PM | Diagnostic New Comm. | | Initial Classification | Grimes Unit |
| 06/15/2007 | 08:58 AM | Diagnostic New Comm. | Received from Another Facility | County/City Jail Backup | Sebastian County Backup List |

James Wright
CR-2007-417,746

DEFT. COPY

James Wright
CR-2007-417,746

**"AMENDED" JUDGMENT AND COMMITMENT ORDER**
IN THE CIRCUIT COURT OF SEBASTIAN, ARKANSAS
FORT SMITH/GREENWOOD DISTRICT   CRIMINAL DIVISION V

On AUGUST 3, 2007, the Defendant appeared before the Court, was advised of the nature of the charge(s), of constitutional and legal rights, of the effect of a guilty plea upon those rights, and of the right to make a statement before sentencing.  The Court made the following findings:

DEFENDANT'S FULL NAME:     JAMES WRIGHT
DATE OF BIRTH:             3-25-1977
RACE:                      WHITE
SEX:                       MALE
SID #:                     13000069457
DEFENDANT'S ATTORNEY:      PAUL HUGHES
PROSECUTING ATTORNEY OR DEPUTY: PATRICK FLAKE
CHANGE OF VENUE FROM:

FILED
AT SMITH DIST.
2007 AUG 23  PM 3 07
CIRCUIT CLERK SEB. CO.

Defendant was represented by        ___ private counsel        ___ appointed counsel
                                    _X_ public defender        ___ himself/herself

Defendant made a voluntary, knowing and intelligent waiver of the right to counsel:
___ Yes    _X_ No

There being no legal cause shown by the Defendant, as requested, why judgment should not be pronounced, a judgment of conviction is hereby entered against the Defendant on each charge enumerated, fines levied, and court costs assessed.  The Defendant is sentenced to the Arkansas Department of Correction (A.D.O.C.) for the term specified on each offense shown below:

TOTAL NUMBER OF COUNTS:    2

Offense # 1

A.C.A. # of Offense:  5-36-103
Name of Offense:  THEFT OF PROPERTY
Seriousness Level of Offense:  3
Criminal History Score:  5
Presumptive Sentence:  PEN 60 RCF/AS
Sentence is a departure from the sentencing grid. ___ Yes _X_ No.
Offense is a _X_ felony ___ misdemeanor.
Classification of offense:  ___ A _B_ B _X_ C ___ D ___ U ___ Y
Sentence imposed:  ___ 60 ___ months.
Suspended imposition of sentence:  ___ 60 ___ months.
Defendant was sentenced as an Habitual Offender under A.C.A. 5-4-501, Subsection ___ (a) ___ (b) ___ (c) ___ (d).

Page 1 of 5

---

___ plea directly to the court of guilty/nolo contendere.
Defendant
___ entered a plea as shown above and was sentenced by a jury.
___ was found guilty of said charge(s) by the court, and sentenced by ___ the court ___ the jury.
___ was found guilty at a jury trial, and sentenced by ___ the court ___ a jury.

Indicate which sentences are to run  CONCURRENT W/EACH OTHER & OKLAHOMA SENTENCE
Death Penalty:           Execution Date:
Total time to serve on all offenses listed above:  60    months.
Time is to be served at: _X_ Department of Correction ___ Regional Correctional Facility.
Jail time credit:  64    days

The Defendant was convicted of a target offense under the Community Punishment Act.  The Court hereby orders the Defendant be judicially transferred to the Department of Community Punishment (D.C.P.).
___ Yes  _X_ No

Failure to meet the criteria or violation of the rules of the D.C.P. could result in transfer to the A.D.O.C.
Fines $ ___ and Court Costs $ ___ , to be paid to the Prosecuting Attorneys Office at the rate of $ ___ per month beginning ___ and continuing each month thereafter until paid in full.

A judgment of restitution is hereby entered against the Defendant in the amount and terms as shown below:
Amount $ 1,842.50    _X_ Installments of: $ 50.00 per month to be paid starting  after Public Defender Fee, and continuing each month thereafter until paid in full.
Payment to be made to:        PROSECUTING ATTORNEY'S OFFICE

If multiple beneficiaries, give names and show payment priority:
Defendant is a Sex or Child Offender as defined in A.C.A. 12-12-903, and is ordered to complete the Sex Offender Registration Form: ___ Yes ___ No.
Defendant is alleged to be a Sexually Violent Predator, and is ordered to undergo an evaluation at a facility designated by the Department of Correction pursuant to A.C.A. 12-12-918: ___ Yes ___ No.
Defendant was adjudicated guilty of a felony offense, a misdemeanor sexual offense, or a repeat offense (as defined in A.C.A. 12-12-1103), and is ordered to have a DNA sample drawn at: ___ a D.C.P. facility _X_ the A.D.O.C. or other: ___ Yes ___ No.
Defendant has committed an aggravated sex offense, as defined in A.C.A. 12-12-903. ___ Yes ___ No

Defendant was informed of the right to appeal: ___ Yes ___ No.
Appeal Bond: $
The County Sheriff is hereby ordered to transport the Defendant to _X_ the Arkansas Department of Correction ___ Regional Correctional Facility.

Page 3 of 5

DEFENSE EXHIBIT NO: C1

22.     Defendant agrees that if this matter were to proceed to trial, the United States could prove the following facts beyond a reasonable doubt, and that these facts accurately represent the defendant's provable offense conduct and specific offense characteristics: COUNT 1: On February 22, 2007 I had a Browning, Model BuckMark, .22 caliber semi automatic pistol, (S/N 515MX18953) concealed under the mattress in my residence in Sallisaw, Sequoyah County, Oklahoma. At the time I possessed this firearm I had previously been convicted of a crime punishable by imprisonment for more than one (1) year. I agree this firearm was manufactured outside the State of Oklahoma. COUNT 2: On February 22, 2007 I was driving a Chevrolet pickup in Sallisaw, Sequoyah County, Oklahoma and I had a Charco, Model Off Duty .38 Spl., .38 caliber revolver (S/N 1106704) under the front seat. At the time I possessed this firearm I had previously been convicted of a crime punishable by imprisonment for more than one (1) year. I agree this firearm was manufactured outside the State of Oklahoma.

Defendant understands that defendant will have to swear under oath to the accuracy of this statement, and if defendant should be called upon to testify about this matter in the future, any inconsistencies in such testimony may subject defendant to additional penalties of perjury which may be enforced by the United States under this agreement.

REASONS FOR
AGREEMENT

23.     The United States is entering into this plea agreement with the defendant because this disposition of the matter fairly and adequately addresses

- 9 -

DEFENSE EXHIBIT NO: D

```
   MNACV  540*23 *              SENTENCE MONITORING              *      04-14-2015
PAGE 001 .       . *           COMPUTATION DATA                 *      11:11:59
                               AS OF 04-14-2015
```

REGNO..: 05449-010 NAME: WRIGHT, JAMES BRIAN

```
FBI NO...........: 251753AB0              DATE OF BIRTH: 03-25-1977  AGE:  38
ARS1.............: MNA/A-DES
UNIT.............: CREEK                  QUARTERS.....: C01-121L
DETAINERS........: YES                    NOTIFICATIONS: NO
```

HOME DETENTION ELIGIBILITY DATE: 07-02-2016

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  01-02-2017 VIA GCT REL


---------------------CURRENT JUDGMENT/WARRANT NO: 030 -----------------------

```
COURT OF JURISDICTION...........: OKLAHOMA, EASTERN DISTRICT
DOCKET NUMBER...................: CR-07-00037-001-JHP
JUDGE...........................: PAYNE
DATE SENTENCED/PROBATION IMPOSED: 02-15-2008
DATE COMMITTED..................: 08-14-2008
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

                  FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.: $200.00         $00.00          $00.00       $00.00

RESTITUTION...: PROPERTY:  NO  SERVICES:  NO       AMOUNT:  $00.00
```

------------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....:  136
OFF/CHG: 18:922(G)(1) AND 924(A)(2) AND 924(E)(1) FELON IN POSSESSION
         OF A FIREARM

```
SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
SENTENCE IMPOSED/TIME TO SERVE.:  190 MONTHS
TERM OF SUPERVISION............:   36 MONTHS
NEW SENTENCE IMPOSED...........:  115 MONTHS
BASIS FOR CHANGE...............: COURT ORDER MODIFYING SENTENCE
DATE OF OFFENSE................: 02-22-2007
```

G0002      MORE PAGES TO FOLLOW . . .

```
   MNACV  540*23 *              SENTENCE MONITORING           *      04-14-2015
PAGE 002 ⌐        *             COMPUTATION DATA              *      11:11:59
                                AS OF 04-14-2015

REGNO..: 05449-010 NAME: WRIGHT, JAMES BRIAN



-----------------------CURRENT COMPUTATION NO: 030 -------------------------

COMPUTATION 030 WAS LAST UPDATED ON 11-05-2012 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 02-20-2009 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 030: 030 010

DATE COMPUTATION BEGAN..........: 06-26-2008
TOTAL TERM IN EFFECT............:   115 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:     9 YEARS     7 MONTHS
EARLIEST DATE OF OFFENSE........: 02-22-2007

TOTAL PRIOR CREDIT TIME.........: 0
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 388
TOTAL GCT EARNED................: 252
STATUTORY RELEASE DATE PROJECTED: 01-02-2017
EXPIRATION FULL TERM DATE.......: 01-25-2018
TIME SERVED.....................:     6 YEARS     9 MONTHS    20 DAYS
PERCENTAGE OF FULL TERM SERVED..: 70.9

PROJECTED SATISFACTION DATE.....: 01-02-2017
PROJECTED SATISFACTION METHOD...: GCT REL

REMARKS.......: 06-26-08 PAROLED FROM AR DOC.
                2-12-09 RECVD AMEND J&C DATED 1-26-09 REDUCING SENT FROM 190M
                TO 115M (VERIFIED PACER);N/BGC.
                2-20-09 COMP CERTIFIED, DSC/NOV/CLB.
                03/04/10 FFT & DIS UPDATED DHK/C
```

G0002       MORE PAGES TO FOLLOW . . .

DEFENSE EXHIBIT NO: E

MNA 1330.17A
May 14, 2013
ATTACHMENT A

**ATTEMPT AT INFORMAL RESOLUTION**
(Request for Administrative Remedy)

Federal Bureau of Prisons Program Statement 1330.17, Administrative Remedy Procedures for Inmates, dated December 31, 2007, requires that inmates shall informally present their complaint to staff and staff attempt to informally resolve any issue before an inmate files a Request for Administrative Remedy (BP-229). If an informal resolution cannot be met, the inmate will be given a BP-229 (13) form.

INMATE'S NAME: _James Bryan Wright_     REG. # _05448600_   UNIT: _Creek A_

1. Nature of problem (cite relevant policy - if UDC/DHO appeal, specify relevant section of Inmate Discipline Policy: _On December 31, 2007, I was arrested in State of Oklahoma US._

_James Bryan Wright, CF-2007-120 / CF-2007636. At the Time I was_    (Continued page 2)

2. State what action or resolution inmate expects. Be specific:

_the Correctional Systems Supervisor and he did not reply_

3. (a) Summary of investigation. _Emailed this informal resolution to_
_the Correctional Systems Supervisor and he did not reply_

(b) Summary of findings after investigation.

4. Indicate the action you have taken to resolve the problem informally (including actual steps taken to resolve):
_Spoke to records office @ Wagon Mutters. Was told to write it up. That_
_DCC does not recognize "State good time."_

5. Explanation for non-resolution: _E mailed this informal resolution to_
_the Correctional Systems Supervisor and he did not reply_

Date & Time Issued: _4/14/15 / 1215_     Correctional Counselor: _____

Date & Time Inmate Returned: _4-27-15/ 1215_    Correctional Counselor: _M. S.___

Date & Time Investigation Completed and BP-9 issued: _5-6-15/ 1:00 pm_

Unit Manager Signature: _R. Hiller____

Distribution:   (1)  If complaint is informally resolved, forward original and be dated by inmate, to Warden's
                       Office for filing.
                 (2)  If complaint is not informally resolved, forward original (attached to BP-DIR-09 form) to Associate
                       Warden (Programs).

On _____ this issue was informally resolved.

_____          _____
Inmate Signature                      Date

BP-8

---

Continuation of Attempt at Informal Resolution
Page 2. James Bryan Wright # 05448600

(Continued)

1. Nature of Problem (Continued)

(Continuing. I tried presents. Credit / And Federal Felony to) In both cases with indictments. On June 1, 2001, I was sentenced for possession of firearm and failure to register in State of Oklahoma v. James Bryan Wright, CF-2001-1611 to: ___ (12) years. In the distribution of controlled substance, with an additional ____ (7) years suspended to be served in Arkansas Department of Corrections and served concurrent (?) 12 month sentence being served.

On June 1, 2001, I was transferred back to Arkansas to begin Service of my four months in State of Arkansas v. James Bryan Wright, CR-2001-1255, Sebastian County Warrants.

On June 14, 2001, The United States of America filed information on me in USA v. James Bryan Wright, 6:01-CR-00031-DHP, charging me with 18 U.S.C. § 922(G)(1) Possession of a firearm as a felony. I was escorted from the State and sentenced in the United States District Court on February 15, 2008.

During sentencing I made my counsel aware that I was serving an undischarged sentence on a Oklahoma State case. It was which linked to my Federal conviction, the judge ordered me that all this was factual... I was ordered, but did not become... until April 2015 pursuant the USSG CF-2007-636. I believe... during the state and sentenced... pursuant one was a C.F.R. 8813(D)(1) which applies when a person is prosecuted from USC to U.S. Marshals on the United States District Court for the same course of conduct.

Because Bureau of Prison does not have a policy that issue time computation sheets as soon... I was not until I had to serve... my records office that I became incarcerated... the file... directed linked to my federal conviction, he requested of the judge, however, I was serving this case... and... authorized to commit sentence... authorized to award the Oklahoma credit... towards Oklahoma has the authority to award the time to me. USSG §5G1.3 applies if the time would not be awarded by BOP.

RELIEF REQUESTED:
Adjustment of sentence to reflect time for my Oklahoma case.

## PART B - RESPONSE

| REGISTRATION NUMBER | CASE NUMBER |
|---|---|
| 05449-010 | 82092 1-F1 |

This is in response to your Request for Administrative Remedy receipted May 13, 2015.

Specifically, you are stating your sentence computation date was not computed correctly due to a jail credit error. You request your jail credit be updated to reflect roughly 14 months of presentence credit. You contend that U.S.S.G. 5G1.3(b)(1) applies as a result of your Oklahoma conviction being relevant conduct in your federal offense. As a result, you have requested an adjustment of your sentence to reflect the time served for your Oklahoma conviction in cases CF-2007-120 and CF-2007-161.

A review of this matter reveals the credit which you request is precluded under Title 18 U.S.C. § 3585(b). In accordance with the statute and Bureau of Prisons' Program Statement, 5880.28, Sentence Computation Manual, time credited toward another sentence cannot be awarded as presentence credit towards your federal sentence. The Bureau of Prisons does not have the statutory authority to adjust your sentence to reflect the time you spent in service of another sentence. That is under the sole discretion of the Court.

U.S.S.G. 5G1.3(b)(1) allows for the adjustment of a sentence if the term of imprisonment resulted from another offense which is relevant conduct to the instant offense. Section (b)(1) states, "the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons." These are issues of fact which are dealt with in the sentencing phase of your conviction. Your judgment and relevant sentencing documents do not indicate Judge Payne took this prior conviction into account or that 5G1.3(b)(1) should be awarded. As such, the Bureau of Prisons does not have the authority to adjust your sentence.

Your remedy would involve getting an order, or a clarification from the sentencing judge that 5G1.3(b)(1) should apply. This is a matter for you or your counsel to address with the Court.

Based on these reasons, your Request for Administrative Remedy is denied.

If dissatisfied with this response, you may appeal this decision to the Southeast Regional Director, Federal Bureau of Prisons, 3800 Camp Creek Parkway, SW, Building 2000, Atlanta, Georgia 30331-6226. Your appeal must be received in the Regional Director's Office within 20 calendar days of the date of this response.

_N. C. English, Warden_   _5/15/2015_
Date

---

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

# REQUEST FOR ADMINISTRATIVE REMEDY

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | WRIGHT | JAMES | BRIAN | 05449-010 | Creek A | Mariana F.I. |
|---|---|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | | | REG. NO. | UNIT | INSTITUTION |

**Part A- INMATE REQUEST** On April 15, 2015 I went to Records and spoke to Records office about credit. I recived my Federal Sentence for a 'relevant conduct' state of Oklahoma Sentence that is related to my Federal Sentence. On February 20, 2007 I was arrested by Spellman Oklahoma Police. Subsequent to the arrest I was charged with two stolen firearms. State of Oklahoma v. James Brian Wright, CF-2007-120/CF-2007-161 In the District Court of Sequoyah County Oklahoma. I was Sentenced to 14 years to run Concurrent with Arkansas's Case CR-2004-1252. I was Sentenced on June 1, 2007, and released to State Custody. I am indicted in USA v. James Brian Wright, CR-07-00051-001 In the Eastern District of Oklahoma, on 6/11/2007 and then brought back to State Custody. I was Sentenced February 15, 2008. The U.S. Custody I am on to Feb, 08. I was Sentenced from that conviction. Oklahoma Sentence runs directly related as the guns come from that conviction. On 12/11/2008 the U.S. took me into custody. Oklahoma nor Arkansas has credited me for the time spent in custody from 02/27/2007 to 08/11/2008, on the Oklahoma conviction related to the Federal case. I am due roughly 14 months credit. I would like my sentence adjusted to reflect leaving release 14 months earlier than Dec 02, 2087.

_5/6/15_
SIGNATURE OF REQUESTER

**Part B- RESPONSE**

_____
DATE

_____ _____
DATE                      WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

FIRST COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE                CASE NUMBER: _____

---

CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

SUBJECT: _____

_____

_____    _____
DATE                RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN                                                  BP-229(13)
                                                         APRIL 1982

BP-9

Regional Administrative Remedy Appeal No. 820821-R1
Part B - Response

This is in response to your Regional Administrative Remedy Appeal receipted June 2, 2015. You appeal the Warden's response to your institution Administrative Remedy wherein you allege you have not received prior custody credit. As relief, you request prior custody credit from February 22, 2007, to June 26, 2008.

A review of this matter revealed the Warden's response appropriately addressed the concerns raised in your administrative remedy. A review of your records reveals you were arrested on February 26, 2007, by authorities of the State of Oklahoma and sentenced on June 1, 2007, to a term of 14 years, "seven years to be served in the Arkansas DOC and 7 years suspended". Records further reveal you were charged with Theft by Deception on June 5, 2007, and were subsequently sentenced on August 3, 2007, to a 5 year term of imprisonment in the Arkansas Department of Corrections, with an additional 5 years suspended. The terms were ordered concurrent with the Oklahoma and Arkansas sentences previously imposed June 1, 2007. You were sentenced in the United States District Court, Eastern District of Oklahoma, on January 26, 2009, to 115 month term of imprisonment. In accordance with Title 18 U.S.C. § 3584, Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently. As your Federal sentence is silent, your Federal term of imprisonment is consecutive. You were released from the State of Arkansas on June 26, 2008, at which time your Federal sentence commenced.

Accordingly, your Regional Administrative Remedy Appeal is denied. If dissatisfied with this response, you may appeal to the Office of General Counsel, Bureau of Prisons, 320 First Street, NW, Washington, DC, 20534. Your appeal must be received in the Office of General Counsel within 30 calendar days of the date of this response.

_____                          _____
Date                                             Regional Director, SERO

DATE: SEPTEMBER 24, 2015

EXTENSION OF TIME FOR RESPONSE - ADMINISTRATIVE REMEDY

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO   : JAMES BRIAN WRIGHT, 05449-010
       MARIANNA FCI   UNT: CREEK   QTR: C02-215U

ADDITIONAL TIME IS NEEDED TO RESPOND TO THE CENTRAL OFFICE APPEAL
IDENTIFIED BELOW.  WE ARE EXTENDING THE TIME FOR RESPONSE AS PROVIDED
FOR IN THE ADMINISTRATIVE REMEDY PROGRAM STATEMENT.

REMEDY ID          : 820821-A2
DATE RECEIVED      : AUGUST 17, 2015
RESPONSE DUE       : OCTOBER 16, 2015
SUBJECT 1          : CONCURRENT SERVICE
SUBJECT 2          : CREDIT FOR TIME SPENT IN JAIL

BP-11 RECEIPT - NO RESPONSE
RECEIVED

BP-10 RESPONSE

**From:**      ^!"WRIGHT, ^!JAMES BRIAN" <05449010@inmatemessage.com>
**To:**
**Date:**      7/5/2015 3:35 PM
**Subject:**   ***Request to Staff*** WRIGHT, JAMES, Reg# 05449010, MNA-C-A

To: Administrative Remedy Clerk
Inmate Work Assignment: Unicor 1

***ATTENTION***

Please cut and paste the message indicator below into the subject line; only this indicator can be in the
subject line.
6ef926c4-741b-40f0-846c-a525a3429c00
Your response must come from the departmental mail box.  Responses from personal mailboxes WILL
NOT be delivered to the inmate.

***Inmate Message Below***


Re: Administrative Remedy 820821

Dear Remedy Clerk:

I filed an administrative remedy in May 2015 in the above referenced remedy. When I forwarded the
BP-10, I sent the copy of the 9 with it, but it was not returned when the 10's response was sent back. I
need a copy of the 9 that I filed so I can send it with the 11 that I am filing.

Thank you.

James Wright

DEFENSE EXHIBIT NO: _F_

ROBERT PATTON
DIRECTOR

MARY FALLIN
GOVERNOR

**STATE OF OKLAHOMA**
**OKLAHOMA DEPARTMENT OF CORRECTIONS**
**SENTENCE ADMINISTRATION**

May 5, 2015

James Brian Wright
05449-010
Federal Correctional Institution
PO Box 7007
Marianna, FL 32447-7007

Dear Mr. Wright:

I am in receipt of your letter. We could find no record of you on our system. If you were never received by the Oklahoma Department of Corrections, we would have no way of calculating your sentence. This will not be done until you are delivered to our custody by the sentencing county, if such delivery is ordered by the court.

Sincerely,

Kristin Tims, Administrator
Sentence Administration and Offender Records
Oklahoma Department of Corrections
3400 Martin Luther King Avenue
Oklahoma City, OK 73111

DEFENSE EXHIBIT NO:_6_

To:CM-ECFLive_OKED@oked.uscourts.gov Bcc:
Message-Id:<752993@oked.uscourts.gov>Subject:Activity in Case 6:07-cr-00037-JHP USA v.
Wright Ruling on Motion to Clarify Content-Type: text/html

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

## U.S. District Court

### Eastern District of Oklahoma

**Notice of Electronic Filing**
The following transaction was entered on 7/15/2015 at 3:59 PM CDT and filed on 7/15/2015

| | |
|---|---|
| **Case Name:** | USA v. Wright |
| **Case Number:** | 6:07-cr-00037-JHP |
| **Filer:** | |
| **Document Number:** | 85(No document attached) |

**Docket Text:**
**MINUTE ORDER by District Judge James H. Payne: denying [81] Defendant James Brian Wright's Motion for Clarification. Defendant has failed to fully exhaust his administrative remedies with the Bureau of Prisons, and this motion is improperly filed in this district. (cjt, Deputy Clerk)**

**6:07-cr-00037-JHP-1 Notice has been electronically mailed to:**
Janice W. Purcell purcelljanice@ymail.com
Linda A. Epperley linda.epperley@usdoj.gov, leslie.hood@usdoj.gov, usaoke.criminal@usdoj.gov, whitney.byrd@usdoj.gov
Christopher J. Wilson Chris.Wilson@usdoj.gov, sheryl.hanshaw@usdoj.gov, usaoke.criminal@usdoj.gov
**6:07-cr-00037-JHP-1 Notice has not been electronically mailed to:**
James Brian Wright(Terminated)
05449-010
Marianna
Creek A 121 LH Quarters
Federal Correctional Institution
Inmate Mail/Parcels
PO. Box 7007
Marianna, FL 32447

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

    *Plaintiff/Respondent,*

v.                        **Case No. CR-07-37-JHP**

JAMES BRIAN WRIGHT,

    *Defendant/Movant.*

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR CLARIFICATION

COMES NOW the Plaintiff/Respondent, the United States of America, by and through Mark F. Green, United States Attorney for the Eastern District of Oklahoma, and Linda A. Epperley and Christopher J. Wilson, Assistant United States Attorneys, and responds to Defendant's Motion for Clarification (Doc. #81).

Defendant has filed a motion seeking clarification as to whether the Court intended Defendant to receive credit on his federal sentence for the time served in Oklahoma state custody for his convictions in CF-2007-120 and CF-2007-161, which he alleges are relevant conduct to his federal charges.

## PROCEDURAL HISTORY AND BACKGROUND

On June 14, 2007, Defendant was charged with two counts of being a Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e)(1). (*Indictment*, Doc. #2). Defendant later pled guilty to both counts pursuant to a written plea agreement. (*Minutes of Change of Plea Hearing*, Doc. #20; *Plea Agreement*, Doc. #23). On February 29, 2008, Defendant was sentenced to 190 months' imprisonment in the custody of the Bureau of Prisons followed by 36 months of supervised release. (*Judgment and Commitment*, Doc. # 30).

1

On August 1, 2008, Defendant filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. (*Motion*, Doc. #31). Defendant asserted that since he had been sentenced as an Armed Career Criminal and one of the predicate convictions (a rape charge in Sequoyah County, Oklahoma) was subsequently vacated, he was entitled to resentencing. (*Id.*). The government conceded Defendant's motion was grounded in law and fact, and this Court granted the § 2255 motion. (*Minute Order*, Doc. #32). On January 26, 2010, Defendant was re-sentenced to 115 months' imprisonment followed by 36 months of supervised release. (*Minutes of Sentencing Proceedings*, Doc. #40; *Amended Judgment and Commitment*, Doc. #43).

## ARGUMENT

Defendant, pursuant to 18 U.S.C. § 3585(b), is now seeking credit against his federal sentence for prior time served in custody on two Oklahoma state convictions which he alleges are relevant conduct to his federal sentence. To begin, this is not the proper jurisdiction for Defendant to seek relief. The calculation of an inmate's sentence is an issue that relates to the execution of a sentence; therefore the proper vehicle for relief is a 28 U.S.C. § 2241 petition. *Thomas v. Ledezma*, 341 Fed. Appx. 407, 408 n.1 (10th Cir. 2009). A § 2241 petition is to be filed in the district where the prisoner is confined, not the district where the sentence was imposed. *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

Additionally, this Court does not have jurisdiction to award such credit. "A district court has no authority to compute or award sentencing credit at sentencing; rather, it is the Attorney General, through the BOP, which has the power to grant sentencing credit in the first instance." *United States v. Mata*, 145 Fed. Appx. 276, 280 (10th Cir. 2005). As the Supreme Court explained in *United States v. Wilson:*

2

26

After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence. . . .To fulfill this duty, the BOP must know how much of the sentence the offender has left to serve. Because the offender has a right to certain jail-time credit under § 3585(b), and because the district court cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant.

[T]he BOP [has] developed detailed procedures and guidelines for determining the credit available to prisoners. Federal regulations have afforded prisoners administrative review of the computation of their credits, and prisoners have been able to seek judicial review of these computations after exhausting their administrative remedies.

503 U.S. 329, 335-36 (1992) (citations omitted).

In *United States v. Jenkins*, 38 F.3d 1143, 1144 (10ᵗʰ Cir. 1994), the Tenth Circuit made clear that a determination by the BOP is a prerequisite to bringing an action in the district court to determine time served. ("Defendant must bring his request for sentence credit to the Bureau of Prisons in the first instance and thereafter seek judicial review of the Bureau's determination.").

It appears Defendant has initiated but has not completed the exhaustion of his administrative remedies. Exhibit F to Defendant's motion indicates he submitted a request for administrative remedy to the local warden, which was denied. However, the warden's response advised Defendant of his right to appeal the decision to the Southeast Regional Director.[1] Defendant has provided no documentation of his exhausting this appeal.

Notwithstanding these jurisdictional challenges, the Government has reviewed the record in light of the warden's response. The warden denied Defendant's request for administrative remedy, because the BOP only has authority to award credit for time served if the time "that has not been credited against another sentence." 18 U.S.C. § 3585(b). Section 5G1.3(b)(1) of the

---

[1] After the appeal to the Regional Director, there is an additional appeal to the General Counsel. *See* 28 C.F.R. § 542.15.

3

---

sentencing guidelines would allow for the adjustment of "any period already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons." However, the warden explained, Defendant's relevant sentencing documents do not indicate the district court intended to apply U.S.S.G. § 5G1.3(b)(1). In candor, the Government reviewed the transcript of the January 26, 2009, and located the following exchange:

DEFENDANT:   But I just wanted to apologize to the courts and apologize to the people that I've hurt, but basically I wanted to let you know what I *that I have been incarcerated. And I ask that the time -- that's about to be imposed today.*

COURT:   Unless my probation officer corrects me, I think that's the - - *you do get credit for time served.*

(1.26.09 Sent. Tr. at 5) (emphasis supplied).

WHEREFORE, the Government respectfully requests the Court deny Defendant's motion for sentence inquiry because Defendant has failed to fully exhaust his administrative remedies with the BOP, and because Defendant filed his motion in the improper district.

Respectfully submitted,

MARK F. GREEN
United States Attorney

*/s/ Linda A. Epperley*
Linda A. Epperley, OBA No. 12057
Christopher J. Wilson, OBA No. 13801
Assistant United States Attorneys
520 Denison Avenue
Muskogee, Oklahoma 74401
Telephone: (918) 684-5100
Facsimile: (918) 684-5150
linda.epperley@usdoj.gov
chris.wilson@usdoj.gov

4

U.S. District Court Clerk
30 Government Street
Panama City, Florida 32401-2758

November 3. 2015

Re: New 28 U.S.C. §2241 Filing

Dear Clerk:

Please find enclosed a complete original of a 28 U.S.C. §2241,
with exhibits. I do not intend to request to Proceed In
Forma Pauperis, and the $5.00 fee for filing will be sent
via Money order or Treasury Check within Thirty (30) days.
Please send me a case number I can reference the
Payment to.

Respectfully,

James Brian Wright
Reg. No. 05449-010
FCI Marianna
P.O. Box 7007
Marianna, FL. 32447-7007

Rec'd1106'15UsDcFln5AM1045

Rec'd1109'15UsDcFln3PM1226



James Brian Wright
Reg. No. 05449-010
Federal Correctional Institution
P.O. Box 7007
Marianna, FL. 32447-7007

Clerk of the U.S.
30 Government Str
Panama City, FL. 32

LEGAL
MAIL