IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JAMES BRIAN WRIGHT,
      Petitioner,

vs.                              Case No.:  5:15cv287/LAC/EMT

N.C. ENGLISH, WARDEN,
      Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on a petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241 (ECF No. 1).  Respondent filed a response with evidentiary support (ECF No. 10).  Petitioner filed a reply (ECF No. 15).  At the direction of the court, Respondent supplemented its response with additional argument and evidence (*see* ECF Nos. 19, 20).

This matter has been referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration of the issues raised by the parties, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter. It is further the opinion of the undersigned that the pleadings and attachments before the court show that Petitioner is not entitled to relief.

I.      BACKGROUND

On February 22, 2007, Petitioner was arrested by the Sallisaw Police Department in Sequoyah County, Oklahoma, for Knowingly Concealing Stolen Property and Burglary Second Degree (*see* ECF No. 15 at 16).[1]  On June 1, 2007, Petitioner was sentenced by the State of Oklahoma, in Case No. CF-2007-120, to a 14-year term of imprisonment on two counts of Knowingly Concealing Stolen Property, with 7 years of the term to be served in the custody of the State of Arkansas Department of Corrections and 7 years suspended (ECF No. 10, attached Declaration of Darla Henderson, ¶ 4).  Also on June 1, 2007, Petitioner was sentenced by the State of Oklahoma, in Case No. CF-2007-161, to a 14-year term of imprisonment on one count of Burglary Second Degree and one count of Knowingly Concealing Stolen Property, with 7 years of the term to be served in the custody of the Arkansas Department of Corrections and 7 years suspended (*id.*, ¶ 5).  The Oklahoma sentencing judge in Case Nos. CF-2007-161 and CF- 2007-120 ordered that the sentences in these cases run concurrently with one another "and with [Petitioner's] Arkansas offenses" (*id.*, ¶ 6).

On August 3, 2007, Petitioner was sentenced by the State of Arkansas, in Case No. CR 07-00746, to a 5-year term of imprisonment plus 5-year suspended sentence

---

[1] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those the parties may have assigned.

Case No.:  5:15cv287/LAC/EMT

for Theft of Property (Henderson Decl., ¶ 7).  The sentencing judge ordered the term to run concurrently with Petitioner's Oklahoma sentences.  Petitioner received 64 days of jail credit toward this Arkansas sentence for the period of time from June 1, 2007, until August 3, 2007 (*id.*).

On September 14, 2007, while in Arkansas state custody, Petitioner was "borrowed" pursuant to a federal writ of habeas corpus ad prosequendum issued by the United States District Court for the Eastern District of Oklahoma, in Case No. CR-07-00037-001-JHP (Henderson Decl., ¶ 8).   On February 15, 2008, the federal court sentenced Petitioner to a total term of 190 months of imprisonment, for two counts of Felon in Possession of a Firearm (*id.*, ¶ 9).  The Judgment and Conviction indicates that the 190-month sentence on Count 1 and 190-month sentence on Count 2 are to be served concurrently (*id.*).

On March 4, 2008, after Petitioner's federal sentencing, Petitioner was returned to state custody in Arkansas, with the federal Judgment and Commitment Order filed as a detainer (Henderson Decl., ¶ 10).

On June 26, 2008, Petitioner was released on parole from state custody to the federal detainer (Henderson Decl., ¶ 11).

On January 26, 2009, Petitioner received an Amended Judgment in the United States District Court for the Eastern District of Oklahoma, Case No. CR-07-00037-001-JHP, reducing the total term of imprisonment on his two federal felon-in-possession terms of imprisonment from 190 months to 115 months (Henderson Decl., ¶ 12).  The Amended Judgment was silent with regard to how Petitioner's sentence was to be served with any other sentence(s) (*id.*).

The federal Bureau of Prisons prepared a sentence computation for Petitioner based on a 115-month term of imprisonment in Case No. CR-07-00037-001-JHP, commencing on June 26, 2008 (the day Petitioner was paroled to federal authorities), with prior custody credit for February 22, 2007 through February 25, 2007, and February 26, 2007 through May 31, 2007 (Henderson Decl., ¶ 13; *see also* ECF No. 20, attached Sentence Computation).

In Petitioner's habeas petition, he contends the federal Bureau of Prisons ("BOP") denied him prior custody credit on the sentence imposed by the United States District Court for the Eastern District of Oklahoma, Case No. CR-07-00037-001-JHP, for the period February 22, 2007 (the date Petitioner was arrested by local authorities in Sequoyah County, Oklahoma) to June 26, 2008 (the date Petitioner was released from state custody to federal custody) (ECF No. 1 at 10).  Petitioner contends that

during that time, he was in official detention as a result of the offense for which his federal sentence was imposed, and that he did not receive credit on any other sentence during that period.  Therefore, he is entitled to prior custody credit pursuant to 18 U.S.C. § 3585.

Respondent contends Petitioner received credit on other, state sentences for the period June 1, 2007, to June 26, 2008, and that the BOP granted Petitioner prior custody credit for February 22, 2007 (the date Petitioner was arrested by local authorities in Sequoyah County) through May 31, 2007 (*see* ECF No. 10 at 3, 9; ECF No. 20 at 1–2).  Therefore, Petitioner is not entitled to any additional credit.

## II.    ANALYSIS

Once a petitioner has exhausted his administrative remedies within the BOP, the district court may review the constitutionality of the BOP's decisions and its statutory construction.  *See* Rodriguez v. Lamer, 60 F.3d 745, 747 (11th Cir. 1995). The court's analysis, however, is deferential:  if the language of the applicable statutory provision clearly outlines its congressional purpose, an interpreting court and administrative agency "'must give effect to the unambiguously expressed intent of Congress.'"  *Id.* (citing Chevron USA Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 842–44, 104 S. Ct. 2778, 81 L. Ed. 2d 694 (1984)).  If the statute is silent or

ambiguous, however, a reviewing court must defer to an agency's reasonable interpretation unless it is "'arbitrary, capricious, or manifestly contrary to the statute.'"

*Id.*

Section 3585 of Title 18 provides, in relevant part:

> **(a)   Commencement of sentence**.—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

18 U.S.C. § 3585(a).  Section 3585 also speaks to the issue of sentence credit for time spent in detention prior to the commencement date.   In this regard, the statute provides:

> **(b)   Credit for prior custody**.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> > **(1)** as a result of the offense for which the sentence was imposed; or
> >
> > **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b) (emphasis added).  As the Supreme Court has held, the BOP determines whether the defendant should receive credit for time spent in custody

before the sentence "commenced" in accordance with section 3585(b).  *See* United States v. Wilson, 503 U.S. 329, 334–35 (1992) (BOP determines credit issues, not the district courts).  In fact, federal courts do not have the authority under § 3585 to order the BOP to credit a prisoner with state time served.  *See* United States v. Pineyro, 112 F.3d 43, 45 (2d Cir. 1997).

In Petitioner's case, the BOP granted him sentence credit for the period February 22, 2007 through February 25, 2007, and February 26, 2007 through May 31, 2007 (ECF No. 20, attached Sentence Computation).  The BOP could not grant Petitioner credit for the period June 1, 2007, to June 26, 2008, because Petitioner received credit on his state sentence(s) for that period.  Petitioner began receiving credit on his five-year Arkansas state sentence on August 3, 2007, the date it was imposed, and that court granted him pre-sentence credit of 64 days for the period June 1, 2007 to August 3, 2007 (*see* ECF No. 10, Henderson Decl., ¶ 7).  Because Petitioner received credit on his state sentence(s) for the period in question (June 1, 2007 to June 26, 2008), the BOP did not have discretion under § 3585 to grant credit on Petitioner's federal sentence for that period.  Indeed, § 3585(b) expressly prohibits the BOP from granting credit for that period.  *See* United States v. Rivers, 329 F.3d 119 (2d Cir. 2003) (Bureau of Prisons could not credit defendant for time already

served under state sentence, inasmuch as that time had already been credited against state sentences); <u>Rios v. Wiley</u>, 201 F.3d 257, 276 (3d Cir. 2000); <u>United States v. Dennis</u>, 926 F.2d 768, 770 (8th Cir. 1991); *see also, e.g.*, <u>Dupree v. Warden, FCI Miami</u>, 606 F. App'x 559, 560 (11th Cir. 2015) (unpublished) (affirming district court's ruling that petitioner was not entitled to credit toward his federal sentence for the time he had served in state custody because he had already received credit toward his state sentence); <u>Scruggs v. Adkinson</u>, 423 F. App'x 858, 816 (11th Cir. 2011) (unpublished) (same); <u>Rey v. Warden, FCC Coleman-Low</u>, 359 F. App'x 88, 90 (11th Cir. 2009) (unpublished) (same); <u>Castillo v. Fed. Corr. Inst. of Tallahassee</u>, 163 F. App'x 803, 804 (11th Cir. 2006) (unpublished) (same).[2]

## III.   CONCLUSION

The BOP effectuated the unambiguous language of the relevant federal statutes, and the agency reasonably interpreted any ambiguous language in a manner that was not arbitrary, capricious, manifestly contrary to the statutes, or an unreasonable application thereof.  Therefore, the BOP's calculation of Petitioner's federal sentence is entitled to deference under <u>Chevron</u>, 467 U.S. at 837.

Accordingly it is respectfully **RECOMMENDED**:

---

[2] The undersigned cites unpublished Eleventh Circuit opinions only as persuasive authority and recognizes that the opinions are not considered binding precedent.  *See* 11th Cir. R. 36-2.

That the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (ECF

No. 1) be **DENIED**.

At Pensacola, Florida this <u>25</u><sup>th</sup> day of July 2016.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**